948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, Plaintiff-Appellant,
v.
Dennis DYKE; Raymond G. Toombs; Craig Hutchinson; Gerde
O'Brien; Blaine Lafler; Z. Tyszkiewicz; Pamela
Duncan; Haresh B. Pandya, M.D.;
Beverly Williams; Ellen Case,
Defendants-Appellees.
 No. 91-1890.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights case filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Carson Lynn Brown claimed that defendants violated his constitutional rights while he was incarcerated at the Ionia Correctional Facility. He alleged that he was wrongfully placed on a grievance restriction, placed on a "cigarette light" restriction and placed in punitive segregation. He further maintained that defendants were indifferent to his serious medical needs and refused his request to enter a legal agreement with another prisoner. Additionally, Brown claimed that defendants' conduct is racist and retaliatory because he is black and he has filed numerous grievances and lawsuits to challenge defendants' unlawful practices.
 
 
 3
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 Brown's Eighth Amendment claims lack merit because he did not show that defendants were deliberately indifferent to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976). Brown's claim that he was placed on a cigarette light restriction in violation of due process also lacks merit. Brown is not entitled to due process protections where he has not alleged the loss of a protected property or liberty interest. Cf. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459 (1989).
 
 
 5
 Defendants are entitled to judgment as a matter of law on Brown's claims that he was denied access to the court. Brown failed to demonstrate any prejudice to his own ongoing litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 6
 Brown's claims of retaliation and racism also lack merit. He did not show that retaliation was "a substantial or motivating factor" in defendants' conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). His allegations of retaliation, like his allegations of racism, were merely conclusory and devoid of any factual support. See Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir.1971).
 
 
 7
 Finally, it is noted that Brown asserts on appeal that the district court was biased against him and that he renews a request for sanctions against defendants. We conclude that Brown's allegations of prejudice and bias are wholly lacking in merit.
 
 
 8
 Accordingly, the requests for sanctions and for appointment of counsel are denied. The district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.